IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THOMAS KOLODZIEJ and §
JORDAN BENNETT, §
 §
    Plaintiffs, §
 §
v. § CIVIL ACTION NO. H-18-3671
 §
PCI AUCTIONS, LLC, §
 §
    Defendant. §

## MEMORANDUM OPINION

Pending before the court[1] is Plaintiffs' Motion for Relief from Order of Dismissal Pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6) (Doc. 11).

Plaintiffs filed this lawsuit in state court on September 7, 2018.[2] The lawsuit was removed to this court on October 8, 2018.[3] On October 17, 2018, Defendant filed a motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction and failure to state a claim.[4] On October 18, 2018, Defendant's counsel discussed the merits of the case and settlement with Plaintiffs'

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 19, Ord. Dated Mar. 10, 2020. The court issued a memorandum and recommendation prior to the lawsuit's transfer to the undersigned. See Doc. 18, Mem. & Recom. Dated Mar. 10, 2020. That recommendation is vacated.

[2] See Doc. 1-2, Ex. A-1 to Def.'s Not. of Removal, Pls.' Orig. Compl.

[3] See Doc. 1, Def.'s Not. of Removal.

[4] See Doc. 5, Def.'s Mot. to Dismiss.

counsel over the phone.[5]

On November 7, 2018, Plaintiffs' deadline to respond to the motion to dismiss passed without Plaintiffs' filing a response. On November 13, 2018, the court's case manager contacted the parties to inquire why a response to the motion to dismiss had not been filed.[6] Plaintiffs' counsel responded saying that the response due date had been accidentally deleted from his calendar and requested two days to file a response.[7] The court's case manager informed Plaintiffs' counsel to file a response as soon as possible.[8]

On November 19, 2018, the court's case manager contacted the parties again requesting a status update because Plaintiffs had not filed a response to the motion to dismiss.[9] Defendant's counsel responded indicating that the status of the case had not changed.[10] Plaintiffs' counsel did not respond. On December 7, 2018, the court held a status conference. Plaintiffs and Plaintiffs' counsel did not appear at the status conference.[11] Based on Plaintiffs' failure to respond to the motion to dismiss and appear at the

---

[5] See Doc. 14-1, Ex. A to Def.'s Resp. to Pls.' Mot. for Relief, Babb Decl. p. 3.

[6] See id. pp. 3-4.

[7] See id. p. 4.

[8] See id.

[9] See id.

[10] See id.

[11] See Doc. 9, Ord. Dated Dec. 7, 2018.

status conference, the court dismissed Plaintiffs' lawsuit without prejudice pursuant to Rule 41(b) and issued a final judgment.[12]

Plaintiffs filed their pending motion to reinstate their lawsuit on February 14, 2020.[13] Defendant filed a response to Plaintiffs' motion on February 26, 2020.[14] In their motion, Plaintiffs ask that the court vacate the court's final judgment under Rule 60(b)(6).

Rule 60(b)(6) "permits a court to relieve a party from a final judgment for 'any . . . reason that justifies relief.'" Clark v. Davis, 850 F.3d 770, 778 (5th Cir. 2017)(quoting Fed. R. Civ. P. 60(b)(6)). A motion for relief under Rule 60(b)(6) "must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). To obtain relief under Rule 60(b)(6) a proponent "must show 'extraordinary circumstances' justifying the reopening of a final judgment." Davis, 850 F.3d at 778 (internal quotation marks omitted)(quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

Plaintiffs argue that Rule 60(b)(6) relief is available to them due to personal hardships that Plaintiffs' counsel, Adam Allen ("Allen"), was undergoing in 2018. On March 23, 2018, Allen's wife suffered sudden heart failure while she was sleeping.[15] Allen's

---

[12] See id.; Doc. 10, Final J. Dated Dec. 7, 2018.

[13] See Doc. 11, Pls.' Mot. for Relief.

[14] See Doc. 14, Def.'s Resp. to Pls.' Mot. for Relief.

[15] See Doc. 11-2, Ex. 2 to Pls.' Mot. for Relief, Decl. of Allen.

3

wife was revived at the hospital, but was left brain dead.[16]  On June 6, 2018, approximately three months prior to the filing of this lawsuit, Allen's wife passed away.[17]

On February 12, 2020, Lawrence M. Bramlette, Ph.D. ("Dr. Bramlette"), wrote the court a letter.  In the letter, based on information provided by Allen, Dr. Bramlette opined that Allen had suffered a single, severe major depressive episode following his wife's death and was in full remission.[18]  The symptoms of Allen's depressive episode included distress, insomnia, social withdrawal, and being unable to meet his professional responsibilities.[19]

Plaintiffs argue that because of Allen's depressive episode, they failed to respond to the motion to dismiss or appear at the status conference.  Plaintiffs also argue that the court's dismissal amounted to a dismissal with prejudice because Plaintiffs' claims were dismissed after the statute of limitations had run.  Plaintiffs then cite case law disfavoring dismissals with prejudice for failure to prosecute, especially where fault lies with the representing attorney.[20]

The court is sympathetic to the difficulties faced by Allen

---

[16]  See id.

[17]  See Doc. 11-1, Ex. 1 to Pls.' Mot. for Relief, Bramlette Letter.

[18]  See id.

[19]  See id.

[20]  See Doc. 11, Pls.' Mot. for Relief pp. 2-3.

4

following his wife's death in June of 2018. However, this lawsuit was filed three months after Allen's wife's death, and Allen was responsive to the court and to Defendant's counsel in late 2018. The evidence does not show why Allen was capable of fully participating in this lawsuit with the exception of filing a response to Defendant's motion to dismiss and appearing at the status conference.

Plaintiffs have also not shown that their motion was filed with "within a reasonable time" as required by Rule 60(c)(1). Plaintiffs' motion was filed over fourteen months after their case was dismissed. Plaintiffs have not shown the court over what time period Allen's depressive episode occurred. Plaintiffs also failed to explain why they did not seek the representation of other counsel following the dismissal of their lawsuit.

Finally, Plaintiffs still have not responded to Defendant's motion to dismiss or shown that their claims can survive the motion to dismiss. Such a showing would be necessary prior to the court's revival of this lawsuit. For these reasons, Plaintiffs' motion and evidence does not meet the "extraordinary circumstances" required of Rule 60(b)(6).

Based on the foregoing, Plaintiffs' Motion for Relief from Order of Dismissal Pursuant to Rule 60(b)(6) is **DENIED**.

**SIGNED** in Houston, Texas, this 11th day of March, 2020.

5

Nancy K. Johnson
United States Magistrate Judge